United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 04-11083
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY YANCEY,

Defendant-Appellant.

---

**Appeal from the United States District Court
for the Northern District of Texas
(4:04-CR-40-ALL-A)**

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jimmy Yancey appeals the sentence imposed following his guilty plea to making a false statement to a federally insured bank. Yancey was sentenced to a term of imprisonment of 21 months to be followed by a five-year term of supervised release.

Yancey asserts: the district court erred in enhancing his guideline sentencing range based on facts he did not admit; the district court violated his Sixth Amendment rights in the light of the holdings in **Blakely v. Washington**, 124 S. Ct. 2531 (2004) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Booker*, 125 S. Ct. 738 (2005); and the Government has failed to show harmless error.

The Government concedes the district court committed error in increasing the penalty based on judge-found facts under a mandatory guideline system. The Government, however, maintains the error was harmless in the light of the district court's decision not to impose a sentence at the bottom of the sentencing guideline range.

Yancey preserved this sentencing issue by raising a *Blakely* challenge before the district court. When a *Booker* error is preserved in district court, this court "will ordinarily vacate the sentence and remand" unless the error is harmless. *United States v. Pineiro*, ___ F.3d ___, No. 03-30437, 2005 WL 1189713, at *2 (5th Cir. 20 May 2005) (internal quotation marks and citation omitted). The Government bears the burden of demonstrating the error was harmless beyond a reasonable doubt. *Id.* To carry this burden, the Government must show the *Booker* error did not affect the defendant's sentence, i.e., "that the district court would have imposed the same sentence absent the error". *Id.*

The district court erred by applying the enhancements for the amount of loss and use of a sophisticated scheme because the facts supporting these enhancements were neither admitted by Yancey nor found by a jury beyond a reasonable doubt. *See Booker*, 125 S. Ct. at 756. The Government's contention that the error is harmless because the district court imposed a sentence at the middle, rather

2

than at the bottom, of the guideline range does not address the issue whether the district court would have imposed a lesser sentence if a lower guideline sentencing range had been determined, based solely on Yancey's admissions.  Because the Government has not shown the district court would have imposed the same sentence absent the **Booker** error, the sentence is **VACATED** and the case is **REMANDED** for resentencing.  *See* **Pineiro**, 2005 WL 1189713, at *2.

*VACATED AND REMANDED*